IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAWN PARKER, ) | Case No. 1:18 CV 1403 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | THOMAS M. PARKER |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OF OPINION &** |
| Defendant. ) | **ORDER ON PLAINTIFF'S MOTION** |
| ) | **FOR ATTORNEY FEES** |

**I.  Introduction**

This matter is before the court on a motion for payment of attorney fees pursuant to 42 U.S.C. § 406(b).  ECF Doc. 21.  On July 20, 2020, the Commissioner of Social Security filed a response stating that he did not object to the fee amount sought by plaintiff's counsel.  ECF Doc. 22.  The parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Because 42 U.S.C. § 406(b) authorizes this court to award the reasonable fees requested by plaintiff's attorney, the court orders the payment of $6,107.50 to plaintiff's counsel.  Of this amount, plaintiff's counsel is ordered to refund $3,200.00 (the amount awarded in EAJA fees – ECF Doc. 20) to plaintiff.

**II.  Law & Analysis**

42 U.S.C. § 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to

which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Plaintiff's counsel has submitted a contingent fee agreement that she entered into with her client, Ms. Parker. ECF Doc. 21-2. This agreement provides for attorneys fees' in the amount of 25% of the past due benefits.[1] In *Gisbrecht v. Barnhart,* 535 U.S. 789, 808-809, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002), the Court held that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements. Here, the Social Security Administration calculated the fee from Parker's back benefits to be $16,673.50. ECF Doc. 21-1. Plaintiff's counsel acknowledges that she will be required to refund Ms. Parker's EAJA fees this court previously awarded. ECF Doc. 21 at 3.

Defendant filed a response to plaintiff's motion on July 20, 2020. ECF Doc. 22. Defendant does not object to fees being paid in this case. Nor does he request that a lower amount be awarded or argue that the amount requested is unreasonable. Thus, it does not appear that there is any dispute between the parties in this case that 1) § 406(b) fees should be awarded; and 2) that the amount requested is reasonable. The court finds that the amount requested in plaintiff's counsel's motion for § 406(b) fees is reasonable and is not a windfall.

### III. Conclusion

Upon review of the parties' filings and applicable law, I find that the amount requested in attorneys' fees by plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) is reasonable. Plaintiff's

---

[1] Sixth Circuit precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with the 25% cap of § 406(b). *Lasley v. Comm'r of Soc. Sec.,* 771 F.3d 308 (6th Cir. 2014).

2

counsel is awarded a fee of $6,107.50 and is required to refund $3,200.00 (the amount awarded in EAJA fees – ECF Doc. 20) to plaintiff.

Dated: July 20, 2020

Thomas M. Parker
United States Magistrate Judge